# UNITED STATES DISTRICT COURT
для
Northern District of New York

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| v. | ) |
| | ) Case No. 5:25-MJ-259 (ML) |
| **SHNEUR GURKOW** | ) |
| | ) |
| **Defendant** | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of August 31, 2025 in the county of Jefferson in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252A(a)(5)(B) and | Possession of Child Pornography and |
| 18 U.S.C. 2252A(a)(1) | Transportation of Child Pornography |

This criminal complaint is based on these facts:
See Attached Affidavit

☒   Continued on the attached sheet.

*Cory R Shepard*
Complainant's signature

Cory Shepard, Task Force Officer
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: September 2, 2025

*Miroslav Lovric*
Judge's signature

City and State: Binghamton, New York

Hon. Miroslav Lovric, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Cory Shepard, being duly sworn, hereby state as follows:

**I.    INTRODUCTION**

1. I am a Customs and Border Protection Officer ("CBPO") with the U.S. Department of Homeland Security ("DHS"), Customs and Border Protection ("CBP"), and as such I am empowered by law to investigate and make arrest for offenses enumerated in Title 18, United States Code, Section 2252A.

2. I have been employed as a Task Force Officer ("TFO") since November 2020 and am currently assigned to the Homeland Security Investigation ("HSI") Task Force Resident Agent Office in Alexandria Bay, New York. While assigned to HSI, I have been responsible for enforcing customs laws, immigration laws, and federal criminal statutes of the United States. My responsibilities as a TFO with HSI include, but are not limited to, conducting investigations, executing arrest warrants, executing search warrants, collecting evidence, and interviewing witnesses. I have been a TFO for approximately four and one-half years and have investigated and/or participated in investigations of child pornography, narcotics, smuggling, and immigration-related cases. My duties include the enforcement of federal criminal statutes involving the sexual exploitation of children, as codified in Title 18, United States Code, Sections 2251 through 2259. I have participated in searches of premises and assisted in gathering evidence by means of a search warrant. I have received training in the area of the importation and distribution of child pornography and have had the opportunity to observe and review numerous examples of child pornography in many forms, including video and computer media.

3. This affidavit is made in support of an application for a criminal complaint and arrest warrant charging Shneur GURKOW ("GURKOW") with violations of Title 18,

United States Code, Sections 2252A(a)(5)(B) (possession of child pornography) and 2252A(a)(1) (transportation of child pornography).

4. The statements contained in this affidavit are based upon my investigation and information provided to me by other agents. Because this affidavit is being submitted for the limited purpose of filing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant has violated Title 18, United States Code, Sections 2252A(a)(5)(B) (possession of child pornography) and 2252A(a)(1) (transportation of child pornography).

**II.    THE INVESTIGATION AND PROBABLE CAUSE**

5. On August 31, 2025, at approximately 08:24 p.m., Shneur GURKOW, a citizen of Canada, entered the United States from Canada through the Alexandria Bay, New York, Port of Entry. GURKOW was traveling in a vehicle with two other individuals. CBP officials referred GURKOW to assisting law enforcement officers for a secondary inspection.

7. As part of the secondary inspection, CBP officers identified a TECS record stating that GURKOW was a high risk for being in possession of child pornography. The TECS record recommended that CBP officers conduct an examination of any electronic devices and media in GURKOW's possession. CBP officers decided to conduct the examination. GURKOW was directed by a CBP officer to provide the officer with GURKOW's cellular phone. GURKOW provided the officer his Google Pixel cell phone

and provided the phone's access code at the officer's request. A CBP officer placed GURKOW's cell phone in airplane mode and conducted a manual review of the device.[1]

8. During the review, the CBP officer observed that Telegram, a social media and filesharing application, was located on the cell phone. Within that app, the officer reviewed the Telegram "channels" that the cell phone's user had previously accessed. A Telegram "channel" is a service within the Telegram app that allows multiple users to chat and share media as a group. The CBP officer observed that the cell phone's user had accessed a channel labeled "Nude Kids". Within the "Nude Kids" channel, the officer observed multiple photos of naked children ages ranging from approximately five to eight years old. Upon observing these images, CBP discontinued the review and notified HSI for further investigation.

9. I reported to the Port of Entry to assist the investigation. I also performed a manual review of GURKOW's phone. I reviewed the "Nude Kids" channel and observed approximately 20 files that constituted child pornography that had been posted to the channel by other Telegram users, including the following:

   a. File 28 of 75 is an image depicting a minor female approximately 6 to 8 years old. The child is naked and her vagina is exposed in a lewd and lascivious manner.

   b. File 30 of 75 is an image that depicts a minor female approximately 8 to 10 years old. The child is sitting on what appears to be a couch, with her legs

---

[1] A manual review of a phone involves browsing the content on the device itself, as the user would, rather than completing a forensic extraction of the data for review on a different device. Placing the device in airplane mode prior to engaging in a manual examination ensures that only data originating from GURKOW's use of the device (and not the investigating officer's use of the device) is contained on the device during the review.

spread open and her vagina exposed. The child is spreading her vagina open with her hands.

I discontinued my review of the Telegram app on GURKOW's device after confirming that the images in the "Nude Kids" channel constituted child pornography. In my limited review of the app's contents, I did not observe any files in the "Nude Kids" channel that appeared to have been posted by GURKOW. However, the fact that the cell phone had been placed in airplane mode before the first law enforcement review of the device's contents leads me to conclude that the child pornography files contained on GURKOW's cell phone had been present on the device at the time GURKOW crossed the border from Canada into the United States.

  10. GURKOW was advised of his Miranda rights. GURKOW agreed to waive his rights and speak with interviewing agents. The interview was audio and video recorded. During the interview, GURKOW stated, in sum and substance:

  a. GURKOW acknowledged his awareness that child pornography was on his cell phone.

  b. GURKOW stated that he obtained child pornography on Telegram and that he sometimes would save child pornography files to his cell phone's native photo application.

  c. GURKOW stated that in the past, he has distributed child pornography to other users on Telegram in order to gain access to channels, such as the "Nude Kids" channel, dedicated to child pornography sharing and trading.

  d. GURKOW acknowledged that he knows viewing child pornography is wrong. He stated that he would collect child pornography files for a while, then delete everything, before starting the cycle over again. GURKOW

4

admitted he has been collecting and then deleting child pornography for approximately 2 years.

### III.   CONCLUSION

11.   Based on the above information, there is probable cause to believe that Shneur GURKOW has violated Title 18, United States Code, Sections 2252A(a)(5)(B) (possession of child pornography) and 2252A(a)(1) (transportation of child pornography). I respectfully request that a criminal complaint be issued pursuant to these violations of federal law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

*Cory R Shepard*
Cory Shepard, Task Force Officer
Homeland Security Investigations

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by videoconference on September __2__, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

*Miroslav Lovric*
Hon. Miroslav Lovric
United States Magistrate Judge